FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 31, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT BRUCE K.,<br><br>             Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>             Defendant. | NO: 1:18-CV-03171-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Eitan Kassel Yanich. Defendant is

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER ~ 1

represented by Special Assistant United States Attorney Benjamin J. Groebner. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 11, is granted and Defendant's Motion, ECF No. 12, is denied.

## JURISDICTION

Plaintiff Robert Bruce K.[2] (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on August 5, 2014, alleging an onset date of June 17, 2014. Tr. 15, 35, 181-88. Benefits were denied initially, Tr. 15, 108-10, and upon reconsideration, Tr. 113-17. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on June 8, 2017. Tr. 32-70. On August 30, 2017, the ALJ issued an unfavorable decision, Tr. 15-25, and on June 29, 2018, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

Plaintiff was born in 1960 and was 56 years old at the time of the hearing. Tr. 38. He graduated from high school. Tr. 39. He has work experience as a parking lot painter and auto mechanic. Tr. 40-44.

Around 2006, Plaintiff's wife of 26 years had a stroke which paralyzed the right side of her body and caused cognitive impairment. Tr. 277, 296. Plaintiff was her primary caregiver for a number of years. Tr. 277, 288. She became verbally abusive toward him and falsely accused Plaintiff of beating her. Tr. 277, 296. She eventually moved to a nursing home. Tr. 273. Plaintiff's mental health problems arose as a result of his issues with his wife. Tr. 277.

Plaintiff testified he cannot work because he has a hard time waking up in the mornings and he gets anxious when he thinks about looking for a job. Tr. 46. He cannot focus or concentrate. Tr. 46. When he thinks about working, he gets stressed and cannot think straight. Tr. 46-47. He has difficulty remembering things. Tr. 47. He fixates on his problems and finds it difficult to switch tracks. Tr. 55. He takes Adderall which helps him focus on getting things done. Tr. 50. Plaintiff testified that he has good days and bad days. Tr. 59. When he has a bad day, he cannot perform his normal activities and he has no ambition to get things done. Tr. 59-60. He has "emotional anxiety attacks" up to three or four times per week. Tr. 62. He does volunteer work, but he does it by himself at his own pace. Tr. 62. He has days when he cannot function with other people. Tr. 62.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER ~ 4

# FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work

ORDER ~ 5

activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find

ORDER ~ 6

that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 17, 2014, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairment: depression. Tr. 17. At

ORDER ~ 7

step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following additional nonexertional limitations:

> He is able to understand, remember, and carryout [sic] tasks and instructions consistent with occupations of an SVP of 1 or 2. He would do best making simple, work related decisions. He would do best working in a work environment that has few if any workplace changes. He should not perform work that involves interaction with the general public. He can work in proximity to coworkers, but should not be required to perform teamwork type tasks. He has no difficulty in accepting supervision.

Tr. 19.

At step four, the ALJ found that Plaintiff is unable to perform past relevant work. Tr. 24. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform such as janitor, warehouse worker, and hand packager. Tr. 24-25. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 17, 2014, through the date of the decision. Tr. 25.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom claims;

2. Whether the ALJ properly considered the medical opinion evidence; and

3. Whether the ALJ properly assessed Plaintiff's residual functional capacity.

ECF No. 11 at 2.

## DISCUSSION

### A. Symptom Claims

Plaintiff contends the ALJ improperly rejected his symptom claims. ECF No. 11 at 14-16. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

ORDER ~ 9

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found that Plaintiff is able to perform a wide variety of activities with his impairments. Tr. 20. It is reasonable for an ALJ to consider a

ORDER ~ 10

claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits. *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). Notwithstanding, if a claimant is able to spend a substantial part of the day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The ALJ observed that Plaintiff testified he feeds and cares for two horses and several goats, mows the lawn, gardens, does laundry, and works on trails around his parents' home. Tr. 20, 44-46, 51. He volunteers doing outdoor maintenance work at a church for three to four hours each week. Tr. 20, 47-48. However, the ALJ failed to explain how these activities are inconsistent with his allegations of severe depressive symptoms. Tr. 20. Plaintiff does not allege any physical limitations and testified that these activities are done at his own pace, and that he often goes back to bed after feeding the animals in the morning. Tr. 44, 58. None of the activities cited by the ALJ conflict with the reasons Plaintiff testified he cannot work: anxiety and stress, inability to focus and concentrate, and difficulty facing other people or talking

ORDER ~ 11

to them. Tr. 46-49, 54-55. In this case, the this is not a clear and convincing reason supported by substantial evidence.

Second, the ALJ found the record does not support the severity of Plaintiff's alleged mental limitations. Tr. 20. The medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Id.*; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601. Because the ALJ failed to cite any other valid reason for finding Plaintiff's symptom claims less than fully credible, this reason is insufficient to support the ALJ's finding.

Defendant asserts the ALJ also found Plaintiff's condition improved with treatment as another reason supporting the ALJ's assessment of Plaintiff's symptom claims. ECF No. 12 at 3 (citing Tr. 18.). The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (finding that conditions effectively controlled with medication are not disabling in evaluating eligibility for disability benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (noting that a favorable response to treatment may undermine a claimant's complaints of debilitating pain or severe limitations).

ORDER ~ 12

Defendant references the ALJ's discussion of non-severe impairments at step two and asserts Plaintiff's "attention problems and depression improved with medication, especially Adderall." ECF No. 12 at 3. In finding that attention deficit disorder is non-severe, the ALJ noted that, "[Plaintiff] reports that his attention problems improved after he began taking the prescription medication Adderall." Tr. 18. However, the ALJ did not discuss improvement with medication as a reason for giving less weight to Plaintiff's allegations regarding his depressive symptoms, nor did the ALJ reference or discuss the records cited by Defendant as a reason for finding Plaintiff's alleged symptoms of depression are inconsistent with the record. Tr. 18, 20-22; ECF No. 12 at 3 (citing Tr. 263, 284, 320, 322, 327, 346, 354, 356, 361, 369, 401, 449). The Court is constrained to review only those reasons actually asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). This is a not a legally sufficient reason for giving less weight to Plaintiff's symptom claims.

**B.     Medical Opinion Evidence**

Plaintiff contends the ALJ failed to properly consider the opinions of examining psychiatrist Daniel McCabe, M.D. ECF No. 11 at 11-14.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally,

ORDER ~ 13

a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

In July 2014, Dr. McCabe examined Plaintiff and diagnosed major depression and generalized anxiety disorder. Tr. 277-80. He found that Plaintiff's depressive symptoms of low energy, anhedonia, lack of motivation, and poor concentration occur daily, are severe, and affect Plaintiff's ability to work. Tr. 278. Dr. McCabe opined that Plaintiff has five moderate limitations, a marked limitation in the ability to adapt to changes in a routine work setting, and severe limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual

ORDER ~ 14

within customary tolerances without special supervision, and in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 279.

Dr. McCabe evaluated Plaintiff a second time in May 2016 and diagnosed PTSD as Plaintiff's only impairment. Tr. 450. He found that Plaintiff's low self-esteem, feelings of worthlessness, and feelings of discouragement are moderate, occur daily, and affect Plaintiff's ability to work. Tr. 450. Dr. McCabe opined that Plaintiff has moderate limitations in four functional areas and marked limitations in the ability to maintain appropriate behavior in a work setting, and in the ability to complete a normal workday and work week without interruptions from psychologically based symptoms. Tr. 451.

The ALJ gave limited weight to Dr. McCabe's opinions. Tr. 22. Because Dr. McCabe's opinions were contradicted by the opinion of reviewing psychologists Eugene Kester, Ph.D., Tr. 76-79, and Diane Fligstein, Ph.D., Tr. 102-04, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. McCabe's opinions. *Bayliss*, 427 F.3d at 1216.

First, the ALJ observed that Dr. McCabe did not have the opportunity to review more recent treatment records which indicated Plaintiff's symptoms improved with treatment. Tr. 22. The amount of relevant evidence that supports a medical opinion is a relevant factor in weighing the opinion evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ cited a June 2015 therapy record indicating Plaintiff "has

ORDER ~ 15

more good days than he used to prior to starting [A]dderall" (Tr. 360) and a November 2016 therapy record indicating Plaintiff reported he was "feeling better" (Tr. 354). Tr. 22. However, Plaintiff told Dr. McCabe he found Adderall "very helpful" and "he feels that his energy and motivation are significantly improved and his mood is improved . . . He has more energy and feels that in general his attitude is improving overall." Tr. 449. Notwithstanding, Dr. McCabe assessed marked limitations in two functional areas and concluded, "[i]t appears the Adderall has been very helpful for him in helping him to be motivated but ultimately this gentleman is going to need psychological treatment and counseling." Tr. 451. Although Dr. McCabe did not review Plaintiff's therapy records, he was aware that Adderall was helpful. The therapy records cited by the ALJ do not contain any functional assessments, and nothing in them suggests Dr. McCabe's opinion would have been significantly altered if he had a chance to review those records. Tr. 354, 360.

Furthermore, notwithstanding that some records demonstrated some improvement with treatment, other therapy records indicate continued difficulties. E.g., Tr. 359 (May 2015, clearly still depressed with marginal change over the last year), 355 (October 2016, very anxious affect, teared up during the session, experiencing extreme anxiety when trying to fill out a job application), 349 (February 2017, does not present with improved mood or emotional affect, continues to struggle with anxiety about working and self-image). Thus, the improvement with treatment noted by the ALJ was at least somewhat tempered by

ORDER ~ 16

continued symptoms, which is not necessarily inconsistent with Dr. McCabe's assessment. This is not a specific, legitimate reason for giving little weight to Dr. McCabe's opinions.

Second, the ALJ observed that Dr. McCabe only saw Plaintiff twice and did not see him on a consistent basis. Tr. 22-23. The longer and more often a treating physician has seen a claimant is a factor to be considered in weighing the medical evidence. 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i). However, the fact that an evaluator examined the claimant one or two times is not a legally sufficient basis for rejecting the evaluator's opinion. The regulations direct that all opinions, including the opinions of examining providers, will be considered. 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). The ALJ improperly rejected Dr. McCabe's opinions because he examined but did not treat Plaintiff.[3] This is not a specific, legitimate reason for giving less weight to Dr. McCabe's opinions.

Third, the ALJ found Dr. McCabe relied primarily on Plaintiff's subjective complaints rather than objective evidence. Tr. 23. A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly

---

[3] The ALJ also inconsistently gave more weight to the opinions of reviewing psychologists Dr. Fligstein and Dr. Kester who did not examine Plaintiff, although more weight should normally be given to a treating or examining source than to a reviewing source. Tr. 23; 20 C.F.R. §§ 404.1527(c), 416.927(c).

ORDER ~ 17

discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *Fair*, 885 F.2d at 604. As discussed *supra*, the ALJ did not provide legally sufficient reasons for giving little weight to Plaintiff's symptom complaints. This is not a specific, legitimate reason for giving less weight to Dr. McCabe's opinions.

Fourth, the ALJ found Plaintiff's daily activities are inconsistent with Dr. McCabe's opinions. Tr. 23. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant=s daily activities. *Morgan*, 169 F.3d at 601-02. The ALJ did not explain this finding in any detail. Tr. 23. As discussed *supra*, the daily activities cited by the ALJ do not necessarily conflict with the depressive symptoms and mental limitations alleged by Plaintiff. This is not a specific, legitimate reason for giving less weight to Dr. McCabe's opinions.

Fifth, the ALJ found the medical record as a whole does not support the severity of the limitations assessed by Dr. McCabe. Tr. 23. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631. The ALJ did not explain this finding, presumably relying on the earlier summary of the record. Tr. 20-23. However, based on the ALJ's other errors in interpreting Plaintiff's symptoms claims and Dr. McCabe's opinions, the ALJ's interpretation of the record as a whole is also questionable. Thus, this reason is also legally insufficient.

**C.  Residual Functional Capacity and Step Five**

ORDER ~ 18

Plaintiff contends the RFC finding does not contain all of the limitations supported by the record, and that the ALJ erred by failing to include additional limitations in the hypothetical to the vocational expert. ECF No. 11 at 16-18. The RFC finding should include the credible limitations supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Similarly, the ALJ's hypothetical should be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). Because the ALJ erred in evaluating Plaintiff's symptom claims and in considering Dr. McCabe's opinions, the RFC finding and the hypothetical to the vocational expert are also suspect and must be reconsidered on remand.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, on remand, the ALJ shall reconsider Plaintiff's symptom claims and the medical opinion evidence and shall conduct a new sequential evaluation. If Plaintiff's symptom claims or medical opinion evidence is rejected, the ALJ shall provide legally sufficient reasons supported by substantial evidence, including citations to the record and explanations making clear the basis for such findings.

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is DENIED.

ORDER ~ 19

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** October 31, 2019.

*s/ Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER ~ 20